### JOSEPH S. RILEY VS. WILLIAM F. VAN AMRANGE.

Where special pleas are deemed frivolous, they should be noticed as frivolous, not demurred to.

Terms, upon which default opened, taken at the general term in Rochester.

*Motion by defendant to set aside default, taken against him at the October (general) term.*—The declaration in this cause is on a judgment against defendant, obtained in the state of Pennsylvania, and usual money counts and count on account stated, added. Defendant pleaded

general issue, nul tiel record and four special pleas. Plaintiff replied, and joined issue to two pleas, and demurred and assigned causes of demurrer to the other two. Defendant's attorney wrote to his counsel at Rochester, to take charge and argue the cause for him, and forwarded by mail to him the papers, but they failed to reach him until a default had been taken on the 21st October last. Defendant's attorney states he has had the whole management of the cause for defendant, and that defendant has a good defence on the merits to said plaintiff's cause of action, and that the pleas pleaded, and to which plaintiff has demurred, are good and sufficient in law. Plaintiff's counsel would not consent to open the default, because he believed the pleas demurred to plainly frivolous.

E. Townsend, *Defts Counsel.*     Emery Townsend, *Defts Atty.*

R. L. Joice, *Plff's Counsel.*     Peter Wilson, *Plff's Atty.*

*Per Curiam.*—Plaintiff ought to have noticed the pleas as frivolous. The judge also made a similar remark, as in the case of Harker vs. McBride, and hoped counsel would understand that it would be necessary to be ready at the commencement of the term, when the court was held at Rochester.

*Decision.*—Motion granted on payment of costs of default, and subsequent proceedings and costs of opposing motion.